IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EUGENE G. COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15-3118-KHV |
| | ) | |
| CLAUDE MAYE, Warden, | ) | |
| USP-Leavenworth | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is presently before the court upon Eugene G. Cook's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. # 3). In his petition, Cook seeks immediate transfer to a Residential Reentry Center ("RRC") prior to his release from prison in accordance with the provisions of the Second Chance Act of 2007 ("SCA"), 18 U.S.C. § 3624. For the following reasons, the court dismisses Cook's petition for writ of habeas corpus.

I.

Cook was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 in the United States District Court for the Eastern District of Texas. On October 27, 2010, he was sentenced to a term of imprisonment of 120 months. With good conduct time, his projected release date is April 9, 2020.

Cook is currently incarcerated at the United States Penitentiary at Leavenworth, Kansas ("USP-Leavenworth"). Cook's home and family are located in Texas. On August 13, 2014, Cook filed an administrative remedy at USP-Leavenworth. He asked for transfer to a camp facility in Texas. His request was denied. He appealed to the Bureau of Prisons ("BOP") regional office. His initial appeal was rejected as untimely. Another appeal was accepted and

substantively denied by the regional office on December 14, 2014.  Cook did not pursue any further appeals.

Cook now seeks placement in a RRC near to his home and family because he has served a substantial part of his sentence.  He alleges that prison staff told him he was not eligible for a transfer to an RRC until he was closer to his release date.  He contends that prison officials are not providing him with the individualized treatment mandated by the SCA.  He asserts that the proper application of the SCA requires prison officials to transfer him to a camp facility in Tyler or Texarkana, Texas.

In his Answer and Return, Claude Maye, the Warden at USP-Leavenworth, raises two issues.  He initially contends that Cook has not exhausted his administrative remedies.  In the alternative, he asserts that Cook's claims lack merit.

II.

The SCA increases a federal prisoner's eligibility for pre-release placement in a halfway house from 6 to 12 months, and requires the BOP to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C); see also Garza v. Davis, 596 F.3d 1198, 1202-03 (10th Cir. 2010)..  In accordance with the SCA, regulations were issued so that placement in a community correctional facility by the BOP is conducted in a manner consistent with 18 U.S.C. § 3621(b). See 28 C.F.R. § 570.22.

Exhaustion of administrative remedies is a prerequisite for § 2241habeas relief.  Garza, 596 F.3d at 1203.  There are limited exceptions to the exhaustion prerequisite, including a narrow futility exception.  Id.  Petitioner bears the burden of demonstrating the futility of administrative review.  Id.

Cook contends that he need not exhaust his administrative remedies because he is challenging the validity of BOP policy, not its application to him.  The Tenth Circuit, however, has rejected this argument.  Id. at 1205(prisoner cannot avoid exhaustion requirement by framing habeas petition as an attack on a regulation's validity rather than its application).  In any event, the court finds that Cook is not challenging the construction of the SCA or the BOP's implementation of the federal prisoner reentry initiative.  See Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012).  Cook specifically requests the court to immediately transfer him to an RRC nearest his place of release.  His claims present specific facts and the application of BOP policy to his particular circumstances.  Accordingly, given Cook's admission that he has not exhausted administrative remedies, the court finds that Cook's for writ for habeas corpus must be dismissed.

**IT IS THEREFORE ORDERED** that Cook's petition for writ of habeas corpus (Doc. # 3) be hereby dismissed for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge